IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALLEN MACK,

    Plaintiff,
v.                                             CASE NO. 1:11-cv-200-MP-GRJ

MIKE SHEFFIELD, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court for initial screening of Plaintiff's Complaint. Doc. 1. Plaintiff is a prisoner in the custody of the Florida Department of Corrections, and is presently confined at Graceville Correctional Facility. At the time the Complaint was filed, Plaintiff was confined in the Levy County Jail. Plaintiff contends that items of incoming mail were either returned to sender or placed in Plaintiff's personal property due to contents that did not comply with the Jail's mail policy. Plaintiff alleges that the Jail's mail policy violates his First Amendment rights. Doc. 1. For relief, Plaintiff seeks an order requiring the Levy County Jail to revise its mail policy and reimbursement of any filing fees incurred in connection with filing the instant case. *Id*.

In order to invoke the jurisdiction of the federal court, Plaintiff must satisfy the threshold requirements imposed by Article III of the Constitution by alleging a live case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983). To meet this requirement, Plaintiff must show that (1) he has suffered an "injury in fact," (2) there is a causal connection between the injury and the conduct complained

of, and (3) it is likely that the injury will be redressed by a favorable decision. *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003). In addition, "[a]bstract injury is not enough." *Lyons*, 461 U.S. at 101. To obtain prospective injunctive relief, Plaintiff must establish that he has a "personal stake" in the outcome of the proceedings by showing a "real and immediate" threat of future injury. *Stewart v. McGinnis*, 5 F.3d 1031, 1037 (7th Cir. 1993). "Evidence of past wrongs alone is insufficient to merit equitable relief." *Id*.

A case is deemed moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *31 Foster Children*, 329 F.3d at 1263 (quoting *Powell v. McCormick*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951 (1969)). In other words, a case is moot when it "no longer presents a live controversy with respect to which the court can give meaningful relief." *Id*. (quoting *Fla. Ass'n of Rehab Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.)*, 255 F.3d 1208, 1217 (11th Cir 2000)).

In this case, Plaintiff seeks only prospective injunctive relief with respect to the Levy County Jail's mail policy. Plaintiff is no longer incarcerated at the Levy County Jail, and therefore there exists no live controversy between him and the Defendants, and accordingly this case is moot. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (transfer to another Unit mooted claims).

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the Complaint be **DISMISSED AS MOOT**, and that this case be closed.

**IN CHAMBERS** this 21st November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.